**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| RING CONTAINER TECHNOLOGIES, LLC, | |
| Plaintiff, | Case No. |
| v. | JURY TRIAL DEMANDED |
| C.K.S. PACKAGING, INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ring Container Technologies, LLC ("Ring Container") brings this complaint for patent infringement against Defendant C.K.S. Packaging, Inc. ("Defendant" or "CKS") and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

2.     Ring Container seeks, among other things, damages in an amount adequate to compensate for Defendant's infringement, an injunction barring Defendant from continuing to infringe Ring Container's patents, and attorneys' fees and costs associated with this action.

## PARTIES

3.     Plaintiff Ring Container is a corporation organized under the laws of Tennessee, with its principal place of business at One Industrial Park Rd., Oakland, Tennessee 38060.

4.     On information and belief, Defendant is a corporation organized under the laws of Georgia. On information and belief, Defendant is registered to do business in the State of Georgia

and has a regular and established place of business at 350 Great Southwest Parkway, Atlanta, GA 30336. Defendant may be served through its registered agent for service of process, Preston C. Delashmit, 350 Great Southwest Parkway, SW, Atlanta, GA 30336.

## PATENTS IN SUIT

5.      Ring Container is a leader in the packaging and plastic container markets, and has been awarded many patents, including U.S. Patent Nos. 7,726,503 and 8,365,939 (collectively the "Patents-in-Suit").

6.      U.S. Patent No. 7,726,503 (the "'503 Patent") is titled "Ergonomic Plastic Container and Package System" and was duly and legally issued by the United States Patent and Trademark Office on June 1, 2010. The term of the '503 Patent has not expired. The '503 Patent is valid and enforceable, and Ring Container is the owner and assignee of all substantial rights in the '503 Patent, a copy of which is attached as **Exhibit A**. As such, Ring Container has standing to sue and the right to recover damages for the infringement of the '503 Patent and pursue any and all causes of action and remedies, whether legal or equitable, related thereto.

7.      U.S. Patent No. 8,365,939 (the "'939 Patent") is titled "Ergonomic Plastic Container and Package System" and was duly and legally issued by the United States Patent and Trademark Office on February 5, 2013. The term of the '939 Patent has not expired. The '939 Patent is valid and enforceable, and Ring Container is the owner and assignee of all substantial rights in the '939 Patent, a copy of which is attached as **Exhibit B**. As such, Ring Container has standing to sue and the right to recover damages for the infringement of the '939 Patent and pursue any and all causes of action and remedies, whether legal or equitable, related thereto.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the patent laws of the United States, Title 35 of the United States Code.

9.      On information and belief, this Court has personal jurisdiction over the Defendant because the Court's exercise of jurisdiction over the Defendant comports with due process. On information and belief, the Defendant has established minimum contacts with the State of Texas and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

10.     On information and belief, Defendant has continuous operations within the State of Texas, and within this District, that are so substantial and of such a nature as to justify suit against it on all causes of action. On information and belief, Defendant has multiple plants in the State of Texas, with a Fort Worth Plant at 109 West Felix, Fort Worth, TX 76115.  As such, Defendant's contacts with the State of Texas, and this District in particular, are so constant and pervasive as to render it essentially at home.

11.     On information and belief, Defendant has purposefully directed activities at residents of the forum, the present patent infringement claims arises out of those activities, and assertion of personal jurisdiction over Defendant by this Court is reasonable and fair. Moreover, on information and belief, Defendant has delivered its products into the stream of commerce with the expectation that they will be purchased by customers in the State of Texas.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because, on information and belief, Defendant has a regular and established place of business in this District, at 109 West Felix, Fort Worth, TX 76115. On information and belief Defendant has committed

acts of infringement in this District and has also induced and/or contributed to the infringement of others in this District.

**BACKGROUND**

13.    Ring Container is a leader in the packaging and plastic container market. Its innovative team designs and manufactures light yet durable packages and containers from polyethylene terephthalate ("PET") and high density polyethylene ("HDPE") plastic. Once delivered to customers, the products are typically combined with the customer's own product, and then resold, including through various retail channels, to consumers around the United States.

14.    Ring Container protects and maintains its research and development investment with a patent portfolio reflecting the efforts and innovation of its team. Ring Container enforces its patent rights when necessary to protect its research investment and protect the efforts of its employees from unauthorized use.

15.    The Patents-in-Suit are each part of Ring Container's patent portfolio. The Patents-in-Suit describe and claim inventions that allow a packaging system to be stackable for storage and/or for display for retail customers, yet durable and easily handled by a user during actions such as carrying and pouring. Ring Container practices each of the Patents-in-Suit, including through its patented Ultra35 packaging.

16.    Defendant is and has been aware of each of the Patents-in-Suit and its infringement thereof. For example, on September 13, 2024, Ring Container provided Defendant with notice of Defendant's infringement of each of the Patents-in-Suit via the example Accused Product described below via email and Federal Express Mail.

17.    Additionally, Ring's website specifically depicts Ring's relevant products and indicates that they are patented. *See* https://ringcontainer.com/ultra35/. An example of Ring's

packing and plastic container covered by at least one claim of each of the Patents-in-Suit is pictured

below and also on the excerpt from Ring's website at https://ringcontainer.com/ultra35/:



    





*Ring Website for Ultra35 Technology*

18.    On information and belief, Defendant copied Ring's packing and plastic container covered by at least one claim of each of the Patents-in-Suit.    For example, the "Kirkland" product depicted below (left) is Ring's patented Ultra35® technology, while the MARINA FOODS, Inc. ("Marina Foods") product depicted below (right) is a copy of same manufactured and sold by Defendant:





19.    The claimed inventions of the Patents-in-Suit allow a packaging system to be stackable for storage, including for display and retail, as illustrated above with respect to Ring's patented Ultra35® technology and the Accused Product, yet durable and easily handled by a user during actions such as carrying and pouring.

20.    Defendant is now manufacturing and selling packaging and containers that infringe one or more claims of each of the Patents-in-Suit (the "Accused Products") to third parties. The Accused Products are then resold through various retail locations once filled with the products of those third parties.

21.    As an example of an Accused Product, Defendant manufactures, produces, and/or sells the plastic container and packaging system used by third party Marina Foods to package its MARINA® Pure Peanut Oil 2.5 gallon product ("Pure Peanut").  Marina Foods is a former customer of Ring, including for Ring's patented products.

22.    On information and belief, Defendant has induced and contributed to infringement by customers such as Marina Foods by copying Ring's patented technology and infringing upon same.  Defendant's customers, including but not limited to Marina Foods, are currently reselling Accused Products that are manufactured, produced, and/or first sold by Defendant across the United States, including in this District.

23.    On information and belief, Defendant has made, used, and/or sold the Accused Products, including at least the Accused Product, in this District.  An example of one component of an Accused Product manufactured, produced, and then sold by Defendant is manufactured at the following plant location in this District: Fort Worth, 109 West Felix, Fort Worth, TX 76115.



*CKS Website for Oil Bottle (35 # Handle Oil - 9505)*

24.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,726,503

25.     Ring Container realleges, adopts, and incorporates by reference herein each of the foregoing allegations as if fully set forth herein.

26.     Defendant has infringed, and continues to infringe, one or more claims of the '503 Patent, including, but not limited to, exemplary Claim 29, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, selling, offering for sale, and/or importing the Accused Products in the United States, including in this District.

27. Defendant's Accused Products meet each and every element of at least one claim of the '503 Patent, either literally or through the doctrine of equivalents.

28. For example, Claim 21 of the '503 Patent recites:

> 21. A packaging comprising:
>     a container in a box;
>     the container comprising:
>         a top;
>         a bottom;
>         sides extending from the top to the bottom and comprising a front side and a back side at a front and back of the container respectively;
>         a spout;
>         a first handle portion on the top and extending generally in the direction front to back;
>         a second handle portion on the top and extending in a direction transverse to the first handle portion, wherein the second handle portion is configured to be grasped by one hand; and
>         a grip for manually gripping on the bottom of the container; and
>     the box comprising:
>         a top cover, a bottom cover and side portions, including a front side and a back side;
>
>         one or more openings on the top cover that exposes the spout for pouring the contents of the container and for accessing the second handle portion so that the second handle portion is accessible for manually gripping while inside the box; and
>         an opening in the bottom cover that exposes the bottom grip.

29. Defendant's Accused Products include a packaging comprising a container in a box, as shown below:



30.    The container of Defendant's Accused Products comprises a top, bottom, and sides extending from the top to the bottom and comprising a front side and a back side at a front and back of the container, respectively shown below:



31.    The container of Defendant's Accused Products includes a spout, shown below:



32.     The container of Defendant's Accused Products includes a first handle portion on the top and extending generally in a direction front to back, respectively shown below:



33.     The container of Defendant's Accused Products includes a second handle portion on the top and extending in a direction transverse to the first handle portion, wherein the second handle portion is configured to be grasped by one hand, respectively shown below:



34.     The container of Defendant's Accused Products includes a grip for manually gripping on the bottom of the container, respectively:



35.     The box of Defendant's Accused Products includes a top cover, a bottom cover and side portions, including a front side and a back side, respectively shown below:



36.    The box of Defendant's Accused Products includes one or more openings on the top cover that exposes the spout for pouring the contents of the container and for accessing the second handle portion so that the second handle portion is accessible for manually gripping while inside the box, respectively shown below:



37.    The box of Defendant's Accused Products includes an opening in the bottom cover that exposes the bottom grip, as shown below:



38.    Defendant has also indirectly infringed, and continues to indirectly infringe, one or more claims of the '503 Patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '503 Patent and by failing to cease offering the Accused Products, Defendant has knowingly and intentionally induced, and continues knowingly and intentionally to induce, others in this District and throughout the United States to directly infringe one or more claims of the '503 Patent. Defendant has known or should have known that providing the Accused Products to its customers, intending for its customers to resell the Accused Products after each is combined with the customers' own products, would result and has resulted in infringement of one or more claims of the '503 Patent.

39.    Defendant has also indirectly infringed, and continues to indirectly infringe, one or more claims of the '503 Patent by contributing to the direct infringement of others under 35 U.S.C. § 271(c). Defendant's Accused Products have no substantial non-infringing uses, and, are known by Defendant to be especially made or especially adapted for use in an infringement of the '503 Patent. Since learning of the '503 Patent, Defendant has contributed to the direct infringement of others by providing the Accused Products to its customers, intending for its customers to resell the Accused Products after each is combined with the customers' own products.

40.    Defendant has been aware of the '503 Patent since at least September 2024. Defendant's infringement of the '503 Patent has been willful and deliberate. Ring Container is therefore entitled to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

41.    Ring Container has been and will continue to be damaged by Defendant's infringement of the '503 Patent, and Ring Container is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

42.    Unless enjoined by this Court, Defendant's acts of infringement will continue to damage and cause irreparable harm to Ring Container.

## <u>COUNT II -INFRINGEMENT OF U.S. PATENT NO. 8,365,939</u>

43.    Ring Container realleges, adopts, and incorporates by reference herein each of the foregoing allegations as if fully set forth herein.

44.    Defendant has infringed, and continues to infringe, one or more claims of the '939 Patent, including, but not limited to, exemplary Claim 1, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, selling, offering for sale, and/or importing the Accused Products in the United States, including in this District.

45.    Defendant's Accused Products meet each and every element of at least one claim of the '939 Patent, either literally or through the doctrine of equivalents.

46.    For example, Claim 1 of the '939 Patent recites:

1. A packaging comprising:
              a container comprising:
                      a container top;
                      a spout; and
                      a first handle portion extending away from the spout, the
                          first handle portion comprising a proximal end at or

near the spout, and a distal end opposite the proximal
end;

the packaging further comprising a box, wherein the container is
disposed inside of the box, the box comprising:

a box top; and

a U-shape opening in the box top;

wherein an open end of the U-shape opening opens toward
the spout;

and

wherein a closed end of the U-shape opening is at or near
the distal end of the first handle portion and is
configured to be grasped by one hand.

47.    Defendant's Accused Products include a packaging comprising a container

comprising a container top and a spout, respectively shown below:



48.    The container of the Defendant's Accused Products comprises a first handle portion

extending away from the spout, the first handle portion comprising a proximal end at or near the

spout, with the distal end opposite the proximal end, respectively shown below:



49.    Defendant's Accused Products further include a box, wherein the container is disposed inside the box, as shown below, respectively shown below:



50.    The box of the Defendant's Accused Products is comprised of a box top, and a U-shape opening in the box top, respectively shown below:



51.    The U-shape opening in the box top of Defendant's Accused Products opens towards the spout, while a closed end of the U-Shape opening is at or near the distal end of the first handle portion and is configured to be grasped by one hand, respectively shown below:



52.    Defendant has also indirectly infringed, and continues to indirectly infringe, one or more claims of the '939 Patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '939 Patent and by failing to cease offering the Accused Products, Defendant has knowingly and intentionally induced, and continues knowingly and intentionally to induce,

others in this District and throughout the United States to directly infringe one or more claims of the '939 Patent. Defendant has known or should have known that providing the Accused Products to its customers, intending for its customers to resell the Accused Products after each is combined with the customers' own products, would result and has resulted in infringement of one or more claims of the '939 Patent.

53.    Defendant has also indirectly infringed, and continues to indirectly infringe, one or more claims of the '939 Patent by contributing to the direct infringement of others under 35 U.S.C. § 271(c). Defendant's Accused Products have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in an infringement of the '939 Patent. Since learning of the '939 Patent, Defendant has contributed to the direct infringement of others by providing the Accused Products to its customers, intending for its customers to resell the Accused Products after each is combined with the customers' own products.

54.    Defendant has been aware of the '939 Patent since at least September 2024. Defendant's infringement of the '939 Patent has been willful and deliberate. Ring Container is therefore entitled to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

55.    Ring Container has been and will continue to be damaged by Defendant's infringement of the '939 Patent, and Ring Container is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

56.    Unless enjoined by this Court, Defendant's acts of infringement will continue to damage and cause irreparable harm to Ring Container.

## **PRAYER FOR RELIEF**

WHEREFORE, Ring Container respectfully requests that the Court enter judgment in its favor against Defendant, granting the following relief:

a.  A judgment that Defendant has infringed and is infringing the Patents-in-Suit, whether literally or under the doctrine of equivalents;

b.  An injunction against Defendant and its affiliates, subsidiaries, assignees, employees, agents, or anyone acting in privity or concert with them from infringing the Patents-in-Suit, including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Patents-in-Suit, until the expiration of the Patents-in-Suit;

c.  A judgment and order requiring Defendant to pay Ring Container's damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

d.  A judgment that Defendant's infringement of the Patents-in-Suit was willful and that Defendant's continued infringement of the Patents-in-Suit is willful, and an award of treble damages, as authorized by 35 U.S.C. § 284;

e.  A judgment that this is an exceptional case and an award to Ring Container of its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

f.      An award of costs and expenses as allowed by law; and

g.      Such other further relief, in law or equity, as this Court deems just and
proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ring Container demands a jury trial on all issues and claims so triable.

DATED: January 29, 2025                Respectfully submitted,

*/s/ S. Wesley Butler*

KILPATRICK TOWNSEND & STOCKTON LLP

S. WESLEY BUTLER (TX Bar No. 24045593)
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Facsimile: (214) 922-7101
Email: wbutler@ktslaw.com

MITCHELL G. STOCKWELL (GA Bar No. 682912) (*to be admitted pro hac vice*)
MICHAEL T. MORLOCK (GA Bar No. 647460) (*to be admitted pro hac vice*)
KARINA GLUSHCHAK (GA Bar No. 233307) (*to be admitted pro hac vice*)
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: mstockwell@ktslaw.com
Email: mmorlock@ktslaw.com
Email: kglushchak@ktslaw.com

*Attorneys for Plaintiff*
*Ring Container Technologies, LLC*